IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHAO LIU, an individual, | Case No.: 1:21-CV-1091 |
| Plaintiff, | |
| v. | |
| THE PARTNERSHIP AND UNINCORPORATED ASSOCIATION IDENTIFIED ON SCHEDULE "A", | |
| Defendant. | |

**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff ZHAO LIU ("Plaintiff"), by and through its undersigned attorney, hereby prays to this honorable Court for relief and remedy based on the following:

**INTRODUCTION**

1. This action has been filed by Plaintiff to combat online trademark and copyright infringers who trade upon Plaintiff's intellectual property rights by offering for sale and or selling unauthorized products, including notebooks bearing a design that is derived from Plaintiff's copyrighted artwork and is almost identical to Plaintiff's trademark.

2. Defendant partnership and unincorporated association ("Defendant") creates a fully interactive, commercial internet store under an online marketplace account and designs it to appear to be offering for sale and/or selling unauthorized and infringing products to unknowing consumers and the general public.

3. Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope and interworking of its piracy operation. Plaintiff is forced to file this action to fight Defendant's unlawful use of Plaintiff's trademark and copyrighted artwork.

4. Plaintiff has been and continues to be irreparably harmed through the trademark and copyright infringements as the direct result of Defendant's unlawful actions and therefore seeks injunctive and monetary relief from this Court.

## JURISDICTION AND VENUE

5. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b).

7. This Court has jurisdiction over claims in this action that arise under the law of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Defendant directly targets customers in the United States by establishing and operating an Amazon online store. Particularly, through this store Defendant is reaching out to Illinois residents to sell products bearing infringing versions of Plaintiff's copyrighted work, receive payment electronically, and offer shipping the infringing products. As a result, Defendant's infringing offenses have wrongfully caused Plaintiff's substantial damage in the State of Illinois.

9. This Court has personal jurisdiction over Defendant because Defendant has conducted significant business in this judicial district of Illinois and the events giving rise to this lawsuit were undertaken in this judicial district of Illinois.

## PARTIES

10. Plaintiff is an artist who creates the unique two-dimensional Life Tree artwork that is used on writing notebooks which are further sold for profit. Plaintiff is a Chinese citizen and currently resides in Canada.

11. Upon information and belief, Defendant is an Amazon online store that was formed by an organized group of companies and individuals who reside in China. Defendant has conducted business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplace. Defendant targets the United States, including Illinois and this Judicial District, and has offered to sell and, on information and belief, has sold and continues to sell products infringing Plaintiff's trademark and copyright to consumers within the United States, including the State of Illinois and this Judicial District.

## PLAINTIFF'S BUSINESS AND DEFENDANT'S UNLAWFUL CONDUCTS

12. Plaintiff is the author and claimant of a two-dimensional artwork called Life Tree. A true and correct copy of the artwork is attached hereto as Exhibit 1.

13. Plaintiff applied for a copyright from the United States Copyright Office for the Life Tree Artwork and was granted Registration VA 2-124-072 effective on March 28, 2018. A true and correct copy of the registration is attached hereto as Exhibit 2.

14. Plaintiff formatted the Life Tree artwork to be embossed on notebook's cover, used it as the Life Tree mark to promote the notebook, and has continued to negotiate sales of these notebooks since August 2015.

15. Plaintiff has filed an application to the United States Patent and Trademark Office to register the Life Tree Trademark for notebooks and writing journals as follows:

| U.S. Trademark Serial # | Trademark | Goods |
|---|---|---|
| 90543130 | (Life Tree artwork) | Blank writing journals; Paper notebooks |

16. Plaintiff has spent considerable time, money, and efforts on developing consumer recognition and goodwill to the notebook bearing the Life Tree mark on its cover.

17. Plaintiff has established a website to promote and sell the notebooks bearing the Life Tree mark, which have become very popular and well recognized in its customers.

18. Plaintiff opened an online store on Amazon to sell the notebook to the world, which has successfully turned into a product of Amazon's Choice, a rating recommended by Amazon for highly-rated and well-priced products.

19. Plaintiff has not authorized any other person or entity to reproduce, adapt, or distribute the copyrighted Life Tree artwork and has not assigned the license of the Life Tree mark to any individual or company.



20. On or about October 15, 2020, Plaintiff found out that Defendant opened an online store on Amazon and was selling notebooks bearing a design that is derived from the Life Tree artwork and is almost identical to Plaintiff's Life Tree mark. A true and correct copy of Defendant's Amazon store links and its infringing notebook is attached hereto as Schedule "A".

21. Plaintiff is informed and believes and thereon alleges that Defendants, had access to the Life Tree artwork, including without limitation, through: (a) access to Plaintiff's website or Amazon store; (b) access to illegally distributed copies of the Life Tree artwork by third-party vendors, including without limitation international and/or overseas printing mills; (c) access to Plaintiff's strike-offs or samples; and/or (d) access to the lawfully imprinted notebooks bearing the Life Tree artwork in the marketplace.

22. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant purchased, sold, marketed, advertised, manufactured, caused to be

manufactured, imported and/or distributed notebooks featuring a design which is derived from Plaintiff's copyrighted Life Tree artwork and is almost identical to the Life Tree mark.

23. Plaintiff is informed and believes and thereon alleges that Defendant owned and controlled the online Amazon store and Defendant's notebooks bearing the infringing design have been manufactured, imported to the United States, and offered for sale under the direction of Defendant.

24. None of the aforementioned transactions has been authorized by Plaintiff, and all have been in violation of Plaintiff's intellectual property rights.

25. Plaintiff took action through the online platform to demand Defendant to stop the infringements immediately, but to no avail. Defendant instead took counteraction to charge Plaintiff and wrongfully forced Plaintiff to suspend business on its online store.

## COUNT I
## FASLE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

26. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 25 of this Complaint.

27. The Life Tree mark is a distinctive trademark that was created and has been used by Plaintiff to promote and sell its Life Tree notebook. Defendant's advertising, distribution, offering for sale, and sale of the infringing notebook products, which bear a design that is almost identical to the Life Tree mark, have created a likelihood of confusion, mistake, and deception among the buyers and general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of Defendant's infringing notebook products by Plaintiff.

28. By unlawful using the Life Tree mark in association with the advertising, distribution, offering for sale, and sale of the infringing notebook products, Defendant creates a

false designation of origin and a misleading representation of fact as to the true origin of the infringing notebook products.

29. Defendant's false designation of origin as to the origin of the infringing notebook products to the buyers and general public involves the willful use of a false mark and therefore constitutes a willful violation of 15 U.S.C. § 1125.

30. Plaintiff has no adequate remedy at law and will continue to suffer irreparable harm to its reputation and goodwill of the Life Tree mark if Defendant's infringing action is not prohibited immediately.

## COUNT II
## VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT

31. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30 of this Complaint.

32. Defendant has engaged in acts that violate Illinois law including, without limitation: passing off its infringing notebook products as those of Plaintiff; cause a likelihood of confusion and/or misunderstanding as to the source of its goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine Life Tree notebook products; and engaging in other conduct that creates a likelihood of confusion or misunderstanding among the public.

33. Defendant's foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

34. Plaintiff has no adequate remedy at law and will continue to suffer irreparable harm to its reputation and goodwill of the Life Tree mark if Defendant's infringing action is not prohibited immediately.

## COUNT III
## COPYRIGHT INFRINGEMENT

35. Plaintiff repeats and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 34 of this Complaint.

36. At all relevant times, Plaintiff has been the owner and claimant of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the copyrighted Life Tree artwork and its derivative works. The Life Tree artwork is the subject of valid Certificate of Registration issued by the United States Copyright Office.

37. Plaintiff has continued to develop and sell notebooks bearing the copyrighted Life Tree artwork since 2015 and has not licensed the artwork to any other person or entity.

38. Plaintiff is informed and believes and thereon alleges that Defendants, accessed the Life Tree artwork through, without limitation, the following: (a) access to Plaintiff's website or Amazon online store; (b) access to authorized or unauthorized reproductions in the possession of other vendors; and/or (c) access to Plaintiff's strike-offs or samples.

39. Plaintiff is informed and believes and thereon alleges that Defendant infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the copyrighted Life Tree artwork and by importing, producing, distributing and/or selling infringing notebooks through online websites.

40. Defendant, without Plaintiff's permission and consent, has sold and continues to sell through its online store infringing notebooks bearing a design that is derived from the copyrighted Life Tree artwork. Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution on the copyrighted artwork. Defendant's actions constitute infringement of Plaintiffs' exclusive rights protected under the Copyright Act.

41. Plaintiff is informed and believes and thereon alleges that Defendant, has committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

42. Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages to its business.

43. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits they would not otherwise have realized but for its infringement of Plaintiff's copyrighted Life Tree artwork.

44. As a result of Defendant's infringement of Plaintiff's exclusive rights under the copyrighted artwork, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to costs and attorney's fees pursuant to 17 U.S.C. § 505.

45. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all unauthorized copies immediately.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendant, its agents, servants, employees, officers, attorneys, affiliates, and all persons acting for, with, by, through, or under them be temporarily, preliminarily, and permanently enjoined and restrained from:

(a). shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

not authorized by Plaintiff to be sold or offered for sale, and which bear or are derived from Plaintiff's copyrighted Life Tree artwork; and

(b).     using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, the Defendant domain names, or any other domain name or online marketplace account that being used to sell products or inventory not authorized by Plaintiff, which bear or are derived from Plaintiff's copyrighted Life Tree artwork.

2.     That upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplace such as Amazon, eBay, WISH, Alibaba, PayPal, Facebook, YouTube, LinkedIn, Twitter, other social media platforms, and Internet search engine providers, web hosts for Defendant domain names, and domain name registrars, shall be ordered to:

(a).     disable and cease providing services for any account through which Defendant engages in the sale of products not authorized by Plaintiff, which bear or are derived from Plaintiff's copyrighted Life Tree artwork;

(b).     disable and cease displaying any advertisement used by or associated with Defendant in connection with the sale of products not authorized by Plaintiff, which bear or are derived from Plaintiff's copyrighted Life Tree artwork; and

(c).     take all necessary steps to prevent links to Defendant's account identified on Schedule "A" from displaying in search results, including but not limited to removing links to the said account from any search index.

3.     That upon Plaintiff's request, any financial institutions, payment processors, banks, escrow service, money transmitters, or marketplace platforms, and their related companies and affiliates, shall be ordered to identify and restrain all funds, up to and including

the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendant presently or in the future, as well as other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

      4.      That Plaintiff be awarded statutory damages or, if elected before final judgment, all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at time of trial, pursuant to 17 U.S.C. § 504;

      5.      That Plaintiff be awarded reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505; and

      6.      That Plaintiff be awarded for any other and further relief as this Court deems just and proper.

DATED:     February 24, 2021                 Respectfully submitted,

                                              ZHAO LIU, Plaintiff

                                              By:    */s/Jingfeng Song*
                                                        Jingfeng Song
                                                        Counsel for Plaintiff

                                              Jingfeng Song (Atty. No.: 6308162)
                                              SciNova IP and Regulatory Consulting LLC
                                              840 S Northwest Hwy Suite 204
                                              Barrington, IL 60010
                                              Telephone: (224) 715-2629
                                              Facsimile: (847) 906-8586
                                              Email: scinovallc@gmail.com